IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS E. BURTON,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY UNIVERSAL INSURANCE COMPANY, ALPHA PROPERTY & CASUALTY INSURANCE COMPANY, FINANCIAL INDEMNITY COMPANY, MERASTAR INSURANCE COMPANY, KEMPER CORPORATION, and SYDNEY MARIE GARBEDIAN,<br><br>Defendants. | CV 14–242–M–DWM<br><br>ORDER |

## INTRODUCTION

Plaintiff Dennis E. Burton filed this lawsuit in the Montana Eleventh Judicial District Court, Flathead County, alleging that he suffered bodily and property damage as a result of an automobile accident and that his insurer, Trinity Universal Insurance Company, aided and abetted by the other defendant insurance companies, Alpha Property & Casualty Insurance Company, Financial Indemnity Company, Merastar Insurance Company, and Kemper Corporation (collectively "Defendants"), illegally sought subrogation from the at-fault driver before he was

-1-

made whole. Plaintiff claims Defendants are part of a common scheme to deny insured Montanans appropriate benefits through wrongful collection of subrogation funds and seeks to represent a class of individuals who have suffered similar injuries. Defendants removed the case on the theory that it is a class action with diversity of citizenship and an amount in controversy of more than $5 million. Plaintiff is unhappy with Defendants impeding his choice of forum and has filed a motion to remand. Plaintiff insists removal was improper because Defendants have failed in their burden to demonstrate that the amount in controversy meets the necessary $5 million threshold for class action diversity jurisdiction. For the reasons set forth below, the motion is denied.

## DISCUSSION

"[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Basin Operating Co. v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 554 (2014)). When a plaintiff challenges removal, "[a] defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978, 981 (9th Cir. 2013). "[N]o antiremoval

presumption attends cases invoking [the Class Action Fairness Act], which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 135 S. Ct. at 554.

Plaintiff argues that Defendants have failed to meet their burden because Defendants' amount in controversy calculation is excessive as to the compensatory damages, punitive damages, attorneys' fees, and injunctive relief sought in the Complaint. However, Defendants have shown, by a preponderance of the evidence, that the compensatory damages, punitive damages, and attorneys' fees at issue exceed $5,000,000.00.

To justify removal, Defendants produced evidence of $1,208,727 in total subrogation funds collected over the eight-year class period. (Doc. 1-1 at 4.) Contrary to Plaintiff's argument that only the wrongful subrogation funds should be considered for the purposes of determining the amount in controversy, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commun., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Here, the total amount of subrogation funds collected is at issue because the Complaint does not distinguish between proper and wrongful subrogation funds or allege that only a percentage of subrogation funds collected were wrongful. (*See* Doc. 6 at 8, 28.) The compensatory damages

at issue are $1,208,727.

Plaintiff seeks punitive damages, and the total—not wrongful—subrogation funds serve as the basis for the punitive damages at issue. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887–88 (8th Cir. 2013) (relying on *Lewis* and using total medication sales rather than wrongful medication sales as basis for punitive damages at issue). The parties agree that a reasonable ratio for determining punitive damages is 4 to 1. (Docs. 1 at 17; 10 at 8.) Four times $1,208,727 is $4,834,908 in punitive damages at issue, which raises the amount in controversy to $6,043,635.

Plaintiff also seeks attorneys' fees, which further increase the amount in controversy above the statutory threshold. In support of removal, Defendants used the Ninth Circuit's "benchmark" for attorneys' fees in class action cases: 25% of recovery. (Doc. 1 at 19–20 (citing *Steckmest v. Farmers Ins. Exchange*, 2013 WL 5234305, at *6 (D. Mont. Sept. 17, 2013).) Plaintiff does not dispute this percentage. (Doc. 10 at 11.) For purposes of determining the amount in controversy, attorneys' fees are based on both compensatory and punitive damages at issue. *See Steckmest*, 2013 WL 5234305, at *6 (basing attorneys' fees on compensatory and punitive damages); *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *13 (N.D. Cal. June 14, 2013) (same). This results in $1,510,908 in

attorneys' fees should Plaintiff prevail.

Plaintiff wants a declaration of rights and legal duties, "return of all subrogation gained by [Defendants] before a valid and appropriate made whole determination had been made," and an order requiring Defendants "to re-adjust each class member's made whole claims." (Doc. 6 at 28.) Although "[t]he cost of prospective relief cannot be ignored in the calculation of the amount in controversy," *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011), the injunctive relief Plaintiff seeks on behalf of the putative class does not implicate future recovery because the Complaint seeks a declaration as to past subrogation practices and recovery of past subrogation funds collected by Defendants in relation to the putative class members during the eight-year class period. (*See* Doc. 6 at 28–29.) The injunctive relief Plaintiff seeks does not factor into the amount in controversy. Regardless, Defendants have met their burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $5 million.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand (Doc. 9) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Compel Appraisal and Dismiss or Stay or, Alternatively, Dismiss Counts Three Through Eight and

Dismiss the Action as to Kemper Corporation, (Doc. 7), is no longer stayed. Plaintiff's Response must be filed no later than March 17, 2015. Defendants' optional Reply must be filed in accordance with Local Rule 7.1(d)(1)(C).

DATED this 24th day of February, 2015.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT